No. 25-2886

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FACEBOOK, INC. A Delaware Limited Liability Company
and INSTAGRAM, LLC,
*Plaintiffs-Appellees*,

v.

XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., 35.CN,
*Defendant-Appellant*

and

DOMAIN ID SHIELD SERVICE CO., LTD and ONLINENIC, INC.,
*Defendants*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:19-cv-07071-SI
Hon. Susan Illston

## APPELLEES' MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES ON APPEAL TO NORTHERN DISTRICT OF CALIFORNIA

Micah G. Block
Andrei Gribakov Jaffe
Pablo A. Lozano
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, CA 94063
(650) 752-2000
micah.block@davispolk.com
andrei.jaffe@davispolk.com
pablo.lozano@davispolk.com

*Attorneys for Plaintiffs-Appellees*

Plaintiffs are entitled to seek their reasonable attorneys' fees in this matter as the "prevailing party." *See* 15 U.S.C. § 1117; *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1224 (9th Cir. 2023) ("Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal.") Under Ninth Circuit Rules 39-1.6 and 39-1.8, Plaintiffs-Appellees may seek their fees in relation to this appeal either directly with the Ninth Circuit or by requesting a transfer of the fees issue to the District Court and seeking fees there. For judicial and party efficiency, Plaintiffs-Appellees now respectfully move this Court to transfer consideration of attorneys' fees on appeal to the District Court. 9th Cir. R. 39-1.8.

Good cause supports transfer to the District Court. The District Court has presided over the underlying suit for nearly six years (and Judge Illston has overseen it for nearly four). It has ruled that Plaintiffs-Appellees are the prevailing party under the Lanham Act, awarded fees and costs in conjunction with its final judgement, *see* Case No. 3:19-cv-07071-SI, Dkt. 431, and continues to oversee additional pending issues closely-related to the civil contempt order Defendant-Appellant impermissibly sought to appeal. In addition, Defendant-Appellant has filed a separate, currently-pending appeal (No. 25-1773) arising from the same suit, for which fees may also be recoverable. It will be more efficient to have the

District Court consider recovery of fees comprehensively across all District Court and appellate proceedings than to litigate fees on this appeal piecemeal.

On June 17, 2025, counsel for Plaintiffs-Appellees informed opposing counsel of their intention to file this motion. On June 18, 2025, counsel for Defendant-Appellant stated that they intend to oppose the motion.

Dated: June 24, 2025                           Respectfully submitted,

                                               *s/ Micah G. Block*
                                               Micah G. Block
                                               Andrei Gribakov Jaffe
                                               Pablo A. Lozano
                                               DAVIS POLK & WARDWELL LLP
                                               900 Middlefield Road, Suite 200
                                               Redwood City, CA 94063
                                               (650) 752-2000
                                               micah.block@davispolk.com
                                               andrei.jaffe@davispolk.com
                                               pablo.lozano@davispolk.com

                                               *Attorneys for Plaintiffs-Appellees Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram LLC*