No. 25-2886

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

META PLATFORMS, INC., ET AL.,

*Plaintiffs-Appellees*,

v.

LEASCEND TECHNOLOGY CO., LTD., ET AL.,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:19-cv-07071-SI
Hon. Susan Illston

_____

**APPELLANT'S OPPOSITION TO APPELLEES' MOTION TO
TRANSFER CONSIDERATION OF ATTORNEY'S FEES ON APPEAL TO
NORTHERN DISTRICT OF CALIFORNIA**

_____

Karl S. Kronenberger
Jeffery M. Rosenfeld
Liana W. Chen
Leah Rosa Vulić
KRONENBERGER ROSENFELD, LLP
548 Market St. #85399
San Francisco, CA 94104
(415) 955-1155
karl@kr.law
jeffrey@kr.law
liana@kr.law

leah@kr.law

*Attorneys for Defendant-Appellant*

Plaintiffs-Appellees' motion is ill-found, bordering on frivolous.

On June 10, 2025, this Court granted the motion of Defendant-Appellant, Leascend Technology Co., Ltd. ("Appellant" or "Leascend"), to voluntarily dismiss the above-captioned appeal (D.E. 11) pursuant to Federal Rule of Appellate Procedure 42(b)(2) (D.E. 13)—as requested by the Court because the appeal was premature (D.E. 9). When an appeal is dismissed, costs are typically taxed against the appellant. Fed. R. App. P. 39(a)(1). However, taxable costs on appeal are limited to: (1) preparation and transmission of the record; (2) the reporter's transcript, if needed; (3) premiums paid for a bond or other security; and (4) the fee for filing the notice of appeal. Fed. R. App. P. 39(e). They do not include attorney's fees. *Fam. PAC v. Ferguson*, 745 F.3d 1261, 1266 (9th Cir. 2014) ("the drafters intended 'costs' under Rule 39 to refer narrowly to administrative costs, not to attorney's fees"). Plaintiffs' assertion that they are (so far and only by default) the "prevailing party" on their trademark-related claims in the district court does not alter this rule. Plaintiffs have not identified any grounds that would entitle them to attorney's fees for an appeal voluntarily dismissed before they were even required to respond, and there are none.

The Court should deny the Plaintiffs' motion. *Moreover*, the Court should order the Plaintiffs to demonstrate to this Court good cause for any alleged entitlement to attorney's fees related to the voluntarily dismissed appeal before

permitting Plaintiffs to file such a motion in this or any court.

Respectfully submitted,

Date:  June 25, 2025

                                          **KRONENBERGER ROSENFELD LLP**

                                          <u>s/ Karl S. Kronenberger</u>
                                          Karl S. Kronenberger
                                          Jeffery M. Rosenfeld
                                          Liana W. Chen
                                          Leah Rosa Vulić

                                          *Attorneys for Appellant Leascend*
                                          *Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 25, 2025, I electronically filed the foregoing Appellant's Opposition to Appellees' Motion to Transfer Consideration of Attorney's Fees on Appeal to Northern District of California with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

Dated: June 25, 2025                        By: *Jasper Eagleton*